NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1888
_____

NORA ROBINSON

v.

THE TRAVELERS INDEMNITY COMPANY,
                                                          Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-11-cv-05267)
District Judge: Honorable Edmund V. Ludwig
_____

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2013

Before:  RENDELL, AMBRO and VANASKIE, Circuit Judges

(Opinion Filed: March 21, 2013)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

This appeal arises from The Travelers Indemnity Company's denial of Nora

Robinson's claim to recover underinsured motorist benefits under her employer's

insurance policy.  Although the parties agree that Robinson's employer intended to reject

"underinsured motorist" (or "UIM") coverage, the District Court granted summary

judgment to Robinson, concluding that she was entitled to the benefits sought because Travelers had not specifically complied with the requirements of Pennsylvania law governing UIM coverage rejection. On appeal, Travelers argues that: (1) the UIM rejection form in this case "specifically complied" with the requirements of 75 PA. CONS. STAT. § 1731(c); (2) the UIM rejection text in § 1731(c) is not applicable to policies issued to commercial entities; and (3) that if this Court declines to enforce the UIM rejection executed by the insured in this case, it should certify the two issues above to the Pennsylvania Supreme Court.

For the reasons discussed below, we will vacate the District Court's order granting Robinson's motion for summary judgment and denying Travelers' motion for summary judgment, and remand with instructions to enter judgment on Travelers' behalf.[1]

## I. Background

We write for the benefit of the parties and therefore recount only those facts necessary for our disposition of this appeal.

Robinson was injured when she was involved in an automobile accident with an underinsured motorist. At the time of the accident, Robinson was driving a vehicle owned by her employer, Tri-County Transit Service, Inc. The vehicle was insured under

---

[1] The District Court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). This Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291.

a commercial insurance policy issued by Travelers to Tri-County, under which Tri-County intended and elected to reject UIM coverage.[2]

Pennsylvania law requires insurers to provide UIM coverage on all automobile policies unless the named insured – Tri-County, in this case – rejects those benefits by signing a rejection form prepared by the insurer. *Id.* § 1731(a). Section 1731(c) of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") provides that the rejection contain the following language:

### Rejection of Underinsured Motorist Protection

> By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

*Id.* § 1731(c). Insurers are further required to print the rejection forms on "separate sheets in prominent type and location." *Id.* § 1731(c.1). The forms must be signed by the first named insured and dated in order to be valid, and any rejection form that "does not specifically comply with this section is void." *Id.*

The rejection form prepared by Travelers and executed by Tri-County contained the statutorily required text, but added the single word "motorists" to the second sentence as follows:

---

[2] UIM coverage affords benefits when another driver is at fault for injury but lacks sufficient insurance to cover all losses caused by the accident. 75 PA. CONS. STAT. § 1731(c).

3

**Underinsured Motorists Coverage**

**Rejection of Underinsured Motorists Protection**

> By signing this waiver, I am rejecting Underinsured Motorists Coverage under this policy, for myself and all relatives residing in my household. Underinsured *Motorists* Coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

(App. at A-65 (emphasis added).)

After the accident, Robinson pursued UIM benefits under the Tri-County policy because the driver responsible for her injuries lacked sufficient coverage to cover all her injuries. Travelers denied her request for benefits on May 6, 2012, citing the signed UIM waiver. Robinson then brought this action in the Eastern District of Pennsylvania pursuant to Pennsylvania's Declaratory Judgment Act, 42 PA. CONS. STAT. § 7531, seeking a determination of her rights to UIM benefits. Robinson argued that she is entitled to UIM benefits under the Tri-County policy because §1731(c.1) of the MVFRL provides that "[a]ny rejection form that does not specifically comply with this section is void." 75 PA. CONS. STAT. § 1731(c.1). According to Robinson, the addition of the word "motorists" in the rejection form renders the form noncompliant with the statutory text, and therefore void.

The parties do not dispute the facts, and both parties submitted cross-motions for summary judgment. The District Court entered judgment in Robinson's favor on February 29, 2012. Travelers' timely appeal of the District Court's order is presently before the Court.

4

## II. Standard of Review

"Review of a district court's decision to grant a motion for summary judgment is plenary." *Horn v. Thoratec Corp.*, 376 F.3d 163, 165 (3d Cir. 2004) (citations omitted). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); *Horn*, 376 F.3d at 166 (citations omitted).

## III. Discussion

It is undisputed that Tri-County intended to reject UIM benefits to lower its insurance premium, and that Tri-County paid a lesser premium as a result of that rejection. Nevertheless, relying on the Superior Court of Pennsylvania's decision in *Jones v. Unitrin Auto and Home Insurance Company*, 40 A.3d 125 (Pa. Super. Ct. 2012), the District Court concluded that the signed rejection form did not meet the specific compliance requirement of § 1731(c.1) because it added the word "motorists" to the second sentence.

The MVFRL provides that any "rejection form that does not specifically comply with [the language set forth in § 1731(c)] is void." 75 PA. CONS. STAT. § 1731(c.1). The MVFRL does not define the phrase "specifically comply," and courts have not been uniform in their treatment of UIM rejection forms that add language. *Compare Unitrin Auto & Home Ins. Co. v. Heister*, No. 4:04-CV-2100, 2005 WL 2314372, at *3-5 (M.D. Pa. Sept. 22, 2005) (using a "common-sense approach" and finding that a UIM rejection form that added a sentence to the end of the statutory text nonetheless complied with § 1731 because it used the exact language required by § 1731 and "§ 1731(c.1) nowhere

5

indicates that additional clarifying language vitiates an otherwise valid UIM rejection waiver form") *with Jones*, 40 A.3d at 131 (examining the same additional sentence at issue in *Heister* and holding "that additions to the prescribed language, and deviation from the proximal relationship of the components, of the UIM rejection form required by . . . § 1731 fail to specifically comply with the statute and is consequently void"). [3]

In this case, the "additional language" was one word – a word that did not introduce ambiguity into the rejection form, and in fact made the phrase consistent with the rest of the MVFRL. *Cf., Vaxmonsky*, 916 A.2d at 1109 (finding that omission of the word "all" "made the form more ambiguous, however slightly, by restricting the scope of coverage from "**all** underinsured losses and damages" to simply "underinsured losses and damages" when "the MVFRL specifically expand[ed] the scope of UIM coverage to all losses and damages"). Although it is undoubtedly a "better practice . . . for insurance companies . . . *not* to supplement the required language of § 1731," *Heister*, 2005 WL 2314372, at *4, in this case the UIM rejection form at issue included the entirety of the statutory text. Furthermore, the addition of the word "motorist" did not introduce ambiguity into the form, did not change the meaning or scope of the coverage, and – indisputably – did not contravene any party's understanding of the intended coverage.

---

[3] The Pennsylvania Superior Court addressed *omissions* in UIM rejection forms in *American International Insurance Company. v. Vaxmonsky*, 916 A.2d 1106 (Pa. Super. Ct. 2006). In that case, the Superior Court concluded that the UIM rejection form that omitted the word "all" from the phrase "all losses and damages" did not specifically comply with the MVFRL, and was therefore null and void. *Id.* at 1109. That court specifically stated that "we offer no opinion as to whether the addition of clarifying language to a 1731 (b) or (c) form would be considered in specific compliance with Section 1731(c.1)." *Id.* at 1109 n.5.

6

Accordingly, we will reverse the District Court's grant of Robinson's motion for summary judgment.

We do not believe that the Pennsylvania Superior Court's decision in *Jones* – upon which the District Court relied – commands another result. In *Jones*, the Superior Court examined a UIM rejection form that included an additional sentence, which referred to an entirely different statutory provision. *See Jones*, 40 A.3d at 128 (adding a sentence to the UIM rejection form that referred to the separate rejection form for "stacking" of coverage pursuant to 75 PA. CONS. STAT. § 1738).[4] The *Jones* court found that the UIM rejection form did not specifically comply with § 1731 because the additional text did not pertain to the rejection of UIM coverage, and appeared between the text and signature line prescribed in § 1731(c). Subject matter and placement of the additional language were essential in the *Jones* court's analysis:

> [It is undisputed that] all of the prescribed language in section 1731(c) was contained in [the] rejection form. However, section 1731(c) also prescribes the proximal relationship between the required language and the required signature and date lines following the language. Instantly, [the] UIM rejection form interposes a sentence, not directly related to rejection of UIM coverage, between the required language and the signature line.

---

[4] The *Jones* form deviated from the statutory text as follows:

> By signing this waiver, I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage. *By rejecting this coverage, I am also signing the waiver on P. 13 rejecting stacked limits of underinsured motorist coverage*.

40 A.3d at 128.

7

> Accordingly, it does not "specifically comply" with section 1731(c) as required by section 1731(c.1).

40 A.3d at 129-30. Neither concern is at issue in this case – the additional word "motorist" does not come between the language specified in § 1731(c) and the signature and date line. Moreover, the word "motorist" is directly related to the rejection of UIM coverage – indeed, the word "motorist" could be considered clarifying, as it makes the phrase consistent throughout the section. Thus, even under *Jones*, we believe that Robinson has no right to the UIM coverage that Tri-County knowingly and intentionally rejected.

Because we conclude that the UIM rejection form at issue in this case complies with § 1731, we will not address the other issues raised by Travelers on appeal.

## IV. Conclusion

In this case, the rejection form contained all the statutorily mandated text and refers to UIM benefits using the same label consistently used by the Pennsylvania General Assembly throughout the MVFRL. To find the rejection form void because of the addition of *one* word – a word that appears elsewhere in the statutory text many times – would be to elevate form over substance in a hyperliteral interpretation of the MVFRL that defies common sense. We decline to endorse such an interpretation. Accordingly, we will vacate the District Court's order granting Robinson summary judgment and will remand this case to the District Court with instructions to enter judgment in favor of Travelers.