NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3448
_____

VINH THANH HO,
                                        Appellant

v.

ALLSTATE INDEMNITY COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cv-07534)
District Judge:  Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2015

Before: AMBRO and COWEN, Circuit Judges, and RESTANI,[*] Judge

(Filed: June 9, 2015)

_____

OPINION[**]
_____

RESTANI, Judge.

_____

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plantiff-appellant Vinh Than Ho ("Ho") appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting summary judgment in favor of the defendant-appellee, Allstate Indemnity Company ("Allstate"). Although the parties agree that Ho signed a Rejection of Underinsured Motorist Protection Form ("the Rejection") when he entered into a Business Auto Policy with Allstate, the parties disagree about the validity of the Rejection. The district court held that the Rejection was valid and accordingly ruled in favor of Allstate. On appeal, Ho argues that the Rejection does not specifically comply with the requirements of Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 PA. CONS. STAT. § 1731(c), and thus reversal is required. Alternatively, Ho argues that we should certify the question of specific compliance in the context of § 1731 to the Pennsylvania Supreme Court. We will affirm.

Ho purchased a Business Auto Policy from Allstate which provided $100,000 in liability coverage for two motor vehicles. On April 14, 2011, in conjunction with purchasing the Business Auto Policy, Ho signed the Rejection. After sustaining injuries in an October 6, 2011 motor vehicle accident, Ho sought to recover up to $200,000 in stacked underinsured motorist benefits from Allstate because the negligent party in the accident did not have insurance sufficient to cover Ho's losses and damages. Allstate denied the claim, citing the Rejection, and Ho brought suit in the Court of Common Pleas, Philadelphia County, seeking a declaration that he was entitled to $200,000 in stacked underinsured motorist benefits under the Business Auto Policy. Allstate removed the case to the Eastern District of Pennsylvania based on diversity jurisdiction, and the

2

parties submitted cross-motions for summary judgment as they do not dispute the facts of the case.

Pennsylvania law requires insurers to provide underinsured motorist coverage unless the named insured rejects those benefits by signing a rejection form prepared by the insurer. § 1731(a), (c). Ho admits to signing the Rejection, but argues that he is entitled to underinsured motorist benefits because the form he signed does not specifically comply with § 1731. See § 1731(c.1) ("Any rejection form that does not specifically comply with this section is void."). The parties agree that, in addition to the statutorily required text,[1] the Rejection signed by Ho includes the phrase "If you desire to reject this coverage entirely, you must sign the waiver below" between the heading and the statutorily required text.[2] According to Ho, because the Rejection does not

---

[1] Section 1731(c) provides that the rejection contain the following language:

> **Rejection of Underinsured Motorist Protection** By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.
>
> _____
> _____
> Signature of First Named Insured                                    Date

[2] The Rejection reads:
> B.      Rejection of Underinsured Motorist Protection
> If you desire to reject this coverage entirely, you must sign the waiver below:
>
> By signing this waiver I am rejecting Underinsured Motorist Coverage under this policy for myself and all relatives residing in my household.

specifically comply with the statute, the policy is reformed by operation of law to provide underinsured motorist coverage.[3] The district court determined that the Rejection did specifically comply with § 1731 and granted summary judgment in Allstate's favor.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo and view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Section 1731 provides that underinsured motorist coverage rejections must specifically comply with the language set out in § 1731(c), but does not define the phrase "specifically comply." Although courts have not taken a strictly uniform approach in

---

Underinsured Coverage protects me and relatives living in my household for (continued…)
(continued…)
losses and damages suffered if injury is caused by the negligence of a driver
who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

_____
_____
Signature of First Named Insured                                    Date

[3] Ho also asserts that, because he did not sign a Waiver of Stacking and the policy covered two vehicles, he is allowed to add or "stack" the coverage from both vehicles under the policy such that he can recover $200,000 in stacked underinsured motorist coverage under the Business Auto Policy. Because we hold that the Rejection did properly waive underinsured motorist protection, there is no coverage to be "stacked."

4

determining whether language added to the waiver renders the waiver specifically compliant, the district court constructed a reasoned harmonization of the cases.

In this case, the additional language did not introduce ambiguity into the rejection form, and in fact made the phrase consistent with the rest of the Motor Vehicle Financial Responsibility Law.  See Robinson v. Travelers Indem. Co., 520 F. App'x 85, 88–89 (3d Cir. 2013); Am. Int'l Ins. Co. v. Vaxmonsky, 916 A.2d 1106, 1109 (Pa. Super. Ct. 2006). It is a better practice not to supplement the statutorily required text, but in this case the Rejection included the entirety of the statutorily required text, the addition did not introduce ambiguity into the form, did not change the meaning or scope of the coverage, pertained to the underinsured motorist coverage waiver, did not refer to a separate rejection form for stacking, and was correctly placed before the statutorily required text rather than between the required text and the insured's signature.  See Robinson, 520 F. App'x at 88–89.  The additional language clarifies and emphasizes the gravity of the decision to waive underinsured motorist coverage.  Thus, the district court properly granted summary judgment in favor of Allstate.  Ho's motion to certify the question of strict compliance to the Supreme Court of Pennsylvania is denied.

We will affirm.