J-A27029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALISHA L. FORD, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMERICAN STATES INSURANCE COMPANY, | |
| Appellee | No. 1800 WDA 2014 |

Appeal from the Order Entered October 17, 2014
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 3733 OF 2013

BEFORE:  BOWES, OLSON & STABILE, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 30, 2015**

Appellant, Alisha L. Ford, appeals from the order entered on October 17, 2014.  The subject order granted the motion for summary judgment that was filed by Appellee, American States Insurance Company (hereinafter "ASIC"), and denied Appellant's cross-motion for summary judgment.  We affirm.

The trial court ably summarized the underlying facts and procedural posture of this case.  As the trial court explained:

> The instant case arose from a motor vehicle accident that occurred on March 19, 2013[,] between [Appellant] and another vehicle driven by Carl Showalter.  [Appellant], who was operating the insured vehicle, attempted to turn left with the right of way, when Mr. Showalter drove his vehicle through a solid red light and collided with [Appellant's] vehicle.  As a result of the collision, [Appellant] suffered numerous injuries, including a fracture to her left ankle and a mild traumatic brain injury.

After the accident, [Appellant] gave notice to [ASIC] that she was pursuing an underinsured motorist [(hereinafter "UIM")] claim under [an automobile insurance policy with ASIC (hereinafter "the Policy"). Appellant's mother, Audrey Ford, purchased the Policy that insured the vehicle; Appellant was a listed driver on the Policy and was a permissive user of the vehicle at the time of the accident]. . . .

[O]n May 23, 2013, Mr. Showalter's insurance carrier tendered and paid to [Appellant] his liability policy limit[] of $25,000.00. On that same date, [ASIC] forwarded to [Appellant] the UIM rejection form[] contained in the Policy, wherein[, ASIC contended, Appellant's mother had] rejected [] UIM coverage [].

[The] UIM rejection form [at issue in this case] reads as follows:

Rejection of Underinsured Motorists Protection

By signing this waiver I am rejecting underinsured motorists coverage under this policy, for myself and all relatives residing in my household. Underinsured motorists coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

[Stipulations of Fact between Appellant and ASIC, 8/19/14, at "Exhibit 2"]. Below this paragraph is a signature line for the Policy's first named insured, which was signed and dated by [Appellant's] mother, Audrey Ford, on August 10, 2011.

Subchapter C of [Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL")], 75 Pa.C.S.A. § 1731, governs the availability and rejection of UIM coverage. Section 1731(c) . . . sets forth the following form to be used when an insured is rejecting such coverage:

**REJECTION OF UNDERINSURED MOTORIST PROTECTION**

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

_____
Signature of First Named Insured

_____
Date

75 Pa.C.S.A. § 1731(c). . . .

Section 1731(c.1) then provides[]:

Insurers shall print the rejection forms required by subsections (b)[fn.1] and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any rejection form that does not specifically comply with this section is void.

[75 Pa.C.S.A. § 1731(c.1)].

[fn.1] [75 Pa.C.S.A. § 1731(b) concerns uninsured motorist coverage].

Trial Court Opinion, 10/17/14, at 1-3.

On June 3, 2013, Appellant forwarded a letter to ASIC, wherein she again demanded UIM coverage. Within the letter, Appellant declared:

The rejection form provided in this matter is **_not_** in strict compliance with the language required by Pennsylvania statute. I would refer you specifically to the second

sentence of the rejection form, which reads: "Underinsured **Motorists** Coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages." . . . The addition of the word **"Motorists"** deviates from the statutorily mandated language, as the statute refers only to "Underinsured coverage," rather than to "Underinsured Motorists Coverage."

Appellant's Letter to ASIC, dated 6/3/13, at 2-3 (emphasis in original).

On July 1, 2013, ASIC sent Appellant a letter, declaring that it was "uphold[ing] [its] denial of coverage based on Mrs. Ford's rejection of [UIM] . . . benefits." ASIC Letter to Appellant, 7/1/13, at 2. Appellant then filed a complaint for declaratory judgment, wherein Appellant claimed that the UIM rejection form that was signed by Appellant's mother was void, as it did not "specifically comply" with 75 Pa.C.S.A. § 1731(c). Appellant's Complaint, 7/17/13, at ¶ 19.

On August 19, 2014, ASIC filed a motion for summary judgment and, on August 20, 2014, Appellant filed a cross-motion for summary judgment. Within ASIC's motion, ASIC claimed that it was entitled to summary judgment because Appellant's mother expressly rejected UIM coverage and:

[the ASIC] rejection form contains the exact language as the statutory form except for the addition of the letter 's' to the word 'Motorist' in the heading. This is inconsequential surplusage and/or an immaterial variance which should not result in an insured's getting a windfall of UIM coverage when the insured neither intended to have nor paid for such coverage.

ASIC's Motion for Summary Judgment, 8/19/14, at 3.

- 4 -

Conversely, Appellant claimed that she was entitled to summary judgment because the UIM rejection form did not "specifically comply" with the language of 75 Pa.C.S.A. § 1731(c) and, thus, the form was void. Appellant's Motion for Summary Judgment, 8/20/14, at 1-2.

Attached to both summary judgment motions were stipulations of fact, wherein the parties agreed:

. . .

6. At all times material hereto, [Appellant] was an insured under her mother's Policy because [Appellant] was a resident of her mother's household.

7. On July 1, 2013, [ASIC] denied that there was [UIM] coverage under the Policy for [Appellant] as to the subject accident. This rejection was based on the "Underinsured Motorists Coverage Selection/Rejection" which was signed by Audrey Ford on August 10, 2011. . . .

. . .

9. 75 [Pa.C.S.A.] § 1731(c) and (c.1) of the MVFRL govern the rejection of UIM coverage. . . .

10. There are two differences between the statutory language of 75 [Pa.C.S.A.] § 1731(c) and the language of the [ASIC] form. These two differences are: 1) the [ASIC] form refers to "Motorists" in the heading, while the statutory form refers to "Motorist"; and 2) the [ASIC] form adds the word "motorists" in the second sentence to read "Underinsured motorists coverage," while the statutory form reads "Underinsured coverage."

11. Premiums were not paid by [Appellant] or her mother for [UIM] coverage.

Stipulations of Fact between Appellant and ASIC, 8/19/14, at 2-3.

- 5 -

By order entered October 17, 2014, the trial court granted ASIC's motion for summary judgment, denied Appellant's cross-motion for summary judgment, and dismissed Appellant's complaint. Appellant filed a timely notice of appeal and now raises the following claim to this Court:[1]

> Whether the [trial] court erred or abused its discretion when holding that [ASIC's] [UIM] rejection form "specifically complies" with Section 1731 of the [MVFRL] despite [ASIC's] rejection form incorporating additional language that deviates from the mandated rejection form contained in Section 1731?

Appellant's Brief at 4 (subheadings omitted and some internal capitalization omitted).

We reviewed the briefs of the parties, the relevant law, the certified record, and the well-written and thorough opinion from the able trial court judge, the Honorable David A. Regoli. We conclude that the claim raised in Appellant's brief fails and that Judge Regoli's opinion, filed on October 17, 2014, meticulously and accurately explains why Appellant's claim fails. Therefore, we adopt the trial court's opinion as our own. In any future filings with this or any other court addressing this ruling, the filing party shall attach a copy of the trial court's opinion.

---

[1] The trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied with the trial court's order and, within her Rule 1925(b) statement, Appellant listed the claim she currently raises in her brief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/30/2015

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
COMMONWEALTH OF PENNSYLVANIA
CIVIL DIVISION

ALISHA L. FORD,                        )
                                       )    No. 3733 of 2013
                    Plaintiff,         )
                                       )
        v.                             )
                                       )
AMERICAN STATES INSURANCE              )
COMPANY,                               )
                                       )
                    Defendant.         )
                                       )
                                       )

## OPINION AND ORDER OF COURT

This matter is before the Court on cross-motions for summary judgment filed by both the Plaintiff and Defendant. At issue in each party's motion for summary judgment is the validity of an underinsured coverage rejection form ("UIM rejection form")[1] contained in the Plaintiff's auto insurance policy with the Defendant (the "Policy").[2] The Plaintiff seeks summary judgment in her favor on the basis that the Defendant's UIM rejection form is void for failure to "specifically comply" with the Pennsylvania Motor Financial Responsibility Law ("MVFRL"); 75 Pa.C.S.A. § 1731. The Court does not agree, and for the reasons set forth below, hereby denies the Plaintiff's Motion for Summary Judgment and, further, grants the Defendant's Motion for Summary Judgment.

### I. Factual Background

The instant case arose from a motor vehicle accident that occurred on March 19, 2013 between the Plaintiff, Alisha L. Ford, and another vehicle driven by Carl Showalter. The

---

[1] UIM coverage affords benefits when another driver is at fault for injury but lacks sufficient insurance to cover all losses caused by the accident. *See 75 Pa.C.S.A. § 1731(c)*.

[2] It is stipulated that the Plaintiff was an insured under the Policy, which was in her mother's name. However, for the sake of this Opinion, the Policy will be referred to as the Plaintiff's policy.

Plaintiff, who was operating the insured vehicle, attempted to turn left with the right of way, when Mr. Showalter drove his vehicle through a solid red light and collided with the Plaintiff's vehicle. As a result of the collision, the Plaintiff suffered numerous injuries, including a fracture to her left ankle and a mild traumatic brain injury.

After the accident, the Plaintiff gave notice to the Defendant that she was pursuing an underinsured motorist claim under the Policy. Subsequently, on May 23, 2013, Mr. Showalter's insurance carrier tendered and paid to the Plaintiff his liability policy limits of $25,000.00. On that same date, the Defendant forwarded to the Plaintiff the UIM rejection forms contained in the Policy, wherein it rejected the UIM coverage sought by the Plaintiff.

The Defendant's UIM rejection form reads as follows:

Rejection of Underinsured Motorists Protection

By signing this waiver I am rejecting underinsured motorists coverage under this policy, for myself and all relatives residing in my household. Underinsured motorists coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

*See Exhibit "2" to the Stipulations of Fact.* Below this paragraph is a signature line for the Policy's first named insured, which was signed and dated by the Plaintiff's mother, Audrey Ford, on August 10, 2011.

Subchapter C of the MVFRL, 75 Pa.C.S.A. § 1731, governs the availability and rejection of UIM coverage. Section 1731(c) of that Subchapter sets forth the following form to be used when an insured is rejecting such coverage:

**REJECTION OF UNDERINSURED MOTORIST PROTECTION**
By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have

2

enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

.................................................
Signature of First Named Insured

.................................................
Date

*75 Pa.C.S.A. § 1731(c)* (West 2014). Section 1731(c.1) then provides that:

> Insurers shall print the rejection forms required by subsections (b)[3] and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any rejection form that does not specifically comply with this section is void.

*Id.* at *§ 1731(c.1).*

Instantly, it is the Plaintiff's position that the Defendant's UIM rejection form is void under Section 1731(c.1) on the following two grounds: (1) the addition of the letter "s" to the term "Motorist" in the rejection form's title; and (2) the inclusion of the word "motorists" in the form's second sentence. The Defendant, however, argues that despite the additions, its rejection form still contains the exact language as set forth in Section 1731(c) and thus is valid. The Defendant further reasons that the addition of the word "motorists" does not introduce any ambiguity into the form, nor does it change the party's understanding of the intended coverage.

The question before the Court, therefore, is whether the Defendant's addition of the term "motorists" in its UIM rejection form "specifically complies" with Section 1731(c).

## II.    Analysis

The MVFRL does not define the phrase "specifically comply;" nor have many courts attempted to do so. What's more, the courts have not been uniform in determining whether additional language in a UIM rejection form specifically complies with Section 1731(c.1).

---

[3]    Subsection (b) explains the optional uninsured motorist ("UM") coverage. *75 Pa.C.S.A. § 1731(b).*

3

*Compare Jones v. Unitrin Auto & Home Ins. Co.*, 40 A.3d 125 (Pa. Super. 2012) (holding that "additions to the prescribed language, and deviation from the proximal relationship of the components, of the UIM rejection form required by 75 Pa.C.S.A. § 1731 fail to specifically comply with the statute and is consequently void") *with Unitrin Auto & Home Ins. Co. v. Heister*, 2005 WL 2314372 (M.D.Pa. 2005) (examining the same additional language at issue in *Jones* and holding that the UIM rejection form nevertheless complied with Section 1731 because it still used the exact language required by Section 1731(c) where Section 1731(c.1) "nowhere indicates that additional clarifying language vitiates an otherwise valid UIM rejection form").

In support of her Motion for Summary Judgment, the Plaintiff cites several Superior Court cases interpreting and applying Section 1731(c). In both cases, the Superior Court held that the UIM rejection forms at issue were null and void. *See Am. Int'l Ins. Co. v. Vaxmonsky*, 916 A.2d 1106 (Pa. Super. 2006); *Jones, supra*. In *Vaxmonsky*, the Superior Court concluded that a UIM rejection form did not specifically comply with Section 1731(c) due to its removal of the word "all" from the phrase "all losses and damages" as provided for in Section 1731(c).

In reaching its conclusion, the *Vaxmonsky* Court conducted more than just a perfunctory comparison of the language used in Section 1731(c) with the UIM rejection form. Rather, it examined "what effect, if any, the omission of 'all' has on the validity of the signed rejection form," wherein it reasoned that said omission "imposed ambiguity where none existed." *Vaxmonsky*, 916 A.2d at 1109. The Superior Court's analysis in this regard suggests that the effect of an omitted (or, presumably, additional) word is a factor to be considered when determining whether a rejection form "specifically complies" with Section 1731(c).

4

The Plaintiff also relies on *Jones*, *supra*, wherein a majority of the Superior Court[4] concluded that a UIM rejection form was invalid due to its inclusion of the following sentence: "By rejecting this coverage, I am also signing the waiver on P. 13 rejecting stacked limits of underinsured motorist coverage." *Jones*, 40 A.3d at 128. In reaching its holding, the *Jones* Court examined the additional sentence in terms of its "proximal relationship" between the required language of Section 1731(c) and the required signature and date lines following said language. *Id.* at 129. The Court reasoned that because the UIM rejection form was not "directly related to rejection of UIM coverage," it did not "specifically comply" with Section 1731(c) as required by Section 1731(c.1). *Id.* at 129-130. The Court then held that "additions to the prescribed language, *and* deviation from the proximal relationship of the components, of the UIM rejection form [...] fail to specifically comply with the statute and is consequently void." *Id.* at 131 (emphasis added).

In addition to both *Vaxmonsky* and *Jones*, the Court finds guidance in the Supreme Court's decision in *Winslow-Quattlebaum v. Maryland Ins. Group*, 752 A.2d 878 (Pa. 2000). In *Winslow-Quattlebaum*, the Court deemed it acceptable for an insurer to place both the UIM rejection form and the UIM stacking rejection form on the same page. The *Winslow* Court concluded that:

> In order to be valid, UM or UIM rejection forms must comply with the requirements of section 1731(c.1) as follows: the UIM rejection must appear on a sheet separate from the UM rejection; the first named insured must sign the rejection; and the rejection must be dated. Instantly, the UIM form was separate from the UM form and Winslow-Quattlebaum, the first named insured, signed and dated the form. There is, therefore, no basis on which to declare such waiver void as it complies with all the requirements of section 1731(c.1).

---

[4] Judge Cheryl Lynn Allen filed a Dissenting Opinion, in which she found that the rejection form specifically complied with the requirements of Section 1731(c) as it was printed separately from the UM rejection form, was signed and dated by the Appellant as the first named insured, and contained a verbatim recitation of Section 1731(c)'s language. *Id.* at 131.

5

*Winslow-Quattlebaum*, 752 A.2d at 882. The Court thus reversed the Superior Court's holding that the insurer's UIM rejection form did not specifically comply with Section 1731(c.1) because it did not stand alone on its own page. *See Winslow-Quattlebaum v. Maryland Ins. Group*, 723 A.2d 681 (Pa. Super. 1998) (*rev'd*).

Furthermore, the Court finds persuasive the Third Circuit case of *Robinson v. Travelers Indem. Co.*, 520 Fed.Appx. 85 (3d Cir. 2013).[5] In *Robinson*, similar to the instant case, the insurer added the word "motorist" to the second sentence of its UIM rejection form to make the phrase read "underinsured motorist coverage," rather than "underinsured coverage.". The Court concluded that despite the additional word, the insurer's UIM rejection form complied with Section 1731. In doing so, the Court referenced the Superior Court's decision in *Vaxmonsky* and reasoned that, "the 'additional word' was one word—a word that did not introduce ambiguity into the rejection form, and in fact made the phrase consistent with the rest of the MVFRL. *Cf., Vaxmonsky*, 916 A.2d at 1109[.]" *Robinson*, 520 Fed.Appx. at 88. The Court continued: "the addition of the word 'motorist' did not introduce ambiguity into the form, did not change the meaning or scope of the coverage, and—indisputably—did not contravene any party's understanding of the intended coverage." *Id.* at 89.

The *Robinson* Court then compared its decision with the Superior Court's decision in *Jones*, finding that *Jones* did not command a different result:

> In *Jones*, the Superior Court examined a UIM rejection form that included an additional sentence, which referred to an entirely different statutory provision [...] The *Jones* court found that the UIM rejection form did not specifically comply with § 1731 because the additional text did not pertain to the rejection of UIM coverage, and appeared between the text and signature line prescribed in § 1731(c). Subject matter and placement of the additional language were essential in the *Jones* court's analysis [...]

---

[5]    The Court finds this case especially persuasive given the relative lack of Pennsylvania authority on the specific issue presented in this case.

6

Neither concern is at issue in this case—the additional word "motorist" does not come between the language specified in § 1731(c) and the signature and date line. Moreover, the word "motorist" is directly related to the rejection of UIM coverage—indeed, the word "motorist" could be considered clarifying, as it makes the phrase consistent throughout the section. Thus, even under *Jones*, we believe that Robinson has no right to the UIM coverage that Tri–County knowingly and intentionally rejected.

*Id.* (internal citations omitted).

In the case at bar, the Defendant's UIM rejection form, akin to *Robinson*, only contains the addition of one word—"motorists"—in its second sentence.[6] It does not include an additional paragraph or sentence, nor does it change the format or the spacing of the rejection form itself. Accordingly, there is no deviation from the "proximal relationship" between the required language of Section 1731(c) and the required signature and date lines following the language. Indeed, all of Section 1731(c)'s required language is included in the UIM rejection form, which was also properly signed and dated by the Plaintiff's mother, as the first named insured, directly below the rejection paragraph. *See Winslow-Quattlebaum*, 752 A.2d at 882.

Furthermore, the term "motorists" is directly related to the rejection of UIM coverage and, in fact, makes the form consistent with the title and first sentence of Section 1731(c)'s form. *See 75 Pa.C.S.A. § 1731(c)* ("REJECTION OF UNDERINSURED *MOTORIST* PROTECTION [...] By signing this waiver I am rejecting underinsured *motorist* coverage [...]") (emphasis added). As such, the addition of the word "motorists" to the form's second sentence does not impose any ambiguity; rather, it could be argued that its inclusion makes the waiver more uniform throughout the paragraph.

Lastly, there is no evidence that the first named insured, Audrey Ford, was confused by the addition of the word "motorists" or that she otherwise misunderstood the meaning of the

---

[6] While the Court notes that the Defendant used the plural version of "motorist" throughout the form, the Court does not feel that this alteration changes the instant analysis.

7

UIM rejection form as a result. Rather, the Policy language is clear and unambiguous and plainly denotes that the Plaintiff is "rejecting underinsured motorists coverage." The Plaintiff, however, knowingly and voluntarily rejected said coverage and, consequently, did not pay for the same. As such, she is now seeking to recover a benefit for which she never bargained or paid. The Court cannot permit such a recovery, as it finds that the Defendant's UIM rejection form specifically complies with Section 1731(c) and is thus valid and enforceable. The Court, therefore, enters the following Order:

8