J. A29012/16

2016 PA Super 285

| | | |
|---|---|---|
| TIANA PETTY, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF TATIANA SMITH, A MINOR, AND ROSHINA GLOVER AND TASHARA HANCOCK, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF TARYN FOWLER, A MINOR, | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | |
| FEDERATED MUTUAL INSURANCE COMPANY, | : : : : | |
| Appellee | : | No. 193 WDA 2016 |

Appeal from the Judgment Entered January 21, 2016
In the Court of Common Pleas of Erie County
Civil Division at No.: 13239 of 2014

BEFORE: DUBOW, J., MOULTON, J., and MUSMANNO, J.

OPINION BY DUBOW, J.:                    **FILED DECEMBER 14, 2016**

Tiana Petty, Tatiana Smith, Roshina Glover, Tashara Hancock, and Taryn Fowler ("Appellants") appeal from the January 21, 2016 Judgment entered by the Erie County Court of Common Pleas after granting the Motion for Judgment on the Pleadings filed by Federated Mutual Insurance Company ("Appellee"). After careful review of the record and relevant statutory and case law, we affirm.

The trial court stated the relevant facts in its Pa.R.A.P. 1925(a) Opinion as follows:

> On September 1, 2012, Appellants were involved in a motor vehicle collision while passengers in a vehicle owned by McQuillen Chevrolet-Buick-Pontiac-GMC Truck, Inc.

("McQuillen"). [Appellants] were injured as a result of the collision and brought suit against Kelley Cooley, the driver of the other vehicle involved in the collision. Cooley was insured by State Farm at the time and that suit resulted in a settlement for the limit of Cooley's insurance policy.

[Appellants] sought underinsured motorist ("UIM") coverage from Appellee under McQuillen's automobile policy. Appellee denied UIM coverage, asserting McQuillen rejected it by signing an Underinsured Motorist Protection Waiver Form.

Appellants filed a Complaint for Declaratory Judgment[1] seeking un[der]insured motorist benefits under McQuillen's insurance policy, arguing the form signed by the McQuillen representative did not fulfill the statutory requirements set forth under 75 Pa.C.S.[] § 1731(c) and therefore the UIM coverage was never waived. Appellants contend a UIM waiver form must "absolutely" comply on a verbatim basis or there is no waiver.

On September 8, 2015, Appellee filed a Motion for Judgment on the Pleadings. On October 8, 2015, Appellants filed a Response to [Appellee's] Motion for Judgment on the Pleadings and Counter[-]Motion for Judgment on the Pleadings.

After oral argument, Appellee's Motion was granted and Appellants' Motion was denied by Order dated January 1[3], 2016.

Trial Court Opinion, dated 2/29/16, at 1-2.

Appellants filed a Notice of Appeal on February 4, 2016. Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants Tiana Petty ("Petty") and Tatiana Smith ("Smith") present the following issues for our review:

---

[1] Appellants Petty and Smith filed a declaratory judgment action followed by Appellants Glover, Hancock and Fowler filing a separate declaratory judgment action. The trial court consolidated the actions on Appellee's uncontested motion.

A. Did Federated's "REJECTION OF UNDERINSURED MOTORIST PROTECTION" form fail to specifically comply with the requirements of § 1731 of the MVFRL because Federated added the phrase "Option 2" to the heading, replaced the term "protection" with the term "coverage" in the heading, added an "s" to the end of "motorist" and changed the proximal relationship of the statutory language by "boxing" a portion of the form?

1. Did the lower court err in holding that "specific compliance" as required by 75 Pa.C.S.[] § 1731 permitted Federated to deviate from the form identified in the statute?

2. Did the lower court err when it conducted a substantive analysis of Federated's deviations from the statutorily mandated language?

B. Did the lower court err when it improperly considered traditional contract principles when interpreting the statutory requirements of 75 Pa.C.S.[] § 1731?

Brief for Appellants Smith and Petty at 3.

Appellants Roshina Glover ("Glover"), Tashara Hancock ("Hancock"), and Taryn Fowler ("Fowler") filed a separate brief, raising essentially the same issues and two additional claims worded as follows:

1. Whether the trial court erred in ruling that Appellee, insurance carrier's Rejection Form for waiving Underinsured Motorist (UIM) Protection was specifically compliant with 75 Pa.C.S. § 1731(c) and not void when Appellee's Rejection Form had multiple deviations as follows:

a. added the phrase "**Option 2**" to the heading;
b. replaced the term "**Protection**" with the term "**Coverage**" in the heading;
c. added an "**s**" to the end of the word "**motorist**";
d. changed the proximal relation of the statutory language by "**boxing**" a portion of the form; and
e. failed to use "**prominent type**" (i.e. all capital letters) and "**prominent location**" (i.e. center

justification) in the heading of its Rejection Form as per the statutory mandates under 75 Pa.C.S. § 1731(c.1).

2. Whether the trial court erred in holding that "**specific compliance**" as required by 75 Pa.C.S. § 1731(c.1) did not require Appellee's Rejection Form to absolutely or strictly comply with the statutorily prescribed Rejection Form set forth in the Motor Vehicle Financial Responsibility Law (MVFRL)?

3. Whether the trial court erred in conducting a **substantive analysis** of the multiple deviations in Appellee's Rejection Form as compared to the statutorily mandated Rejection Form for waiving Underinsured Motorist (UIM) Protection instead of recognizing that deviations from the statutory Rejection Form existed and thereby concluding that the Rejection Form did not specifically comply with the statute, thus making the Waiver/Rejection "**void**" under 75 Pa.C.S. § 1731(c.1)?

4. Whether the trial court erred in **improperly considering contract principles** when interpreting the statutory requirements of 75 Pa.C.S. § 1731(c.1)?

5. Whether the trial court erred in finding and ruling that **a party which is not involved in this lawsuit** (McQuillen Chevrolet[-]Buick[-]Pontiac[-]GMC Truck, Inc.) **knowingly understood and signed Appellee's Rejection Form for waiving Underinsured Motorist Protection**, thus relieving Appellee, insurance carrier, of its obligation to specifically comply with the Rejection Form as prescribed under § 1731(c)?

Brief for Appellants Glover, Hancock, and Fowler at 3 (emphasis in original).

In reviewing the grant of a Motion for Judgment on the Pleadings, we apply the following standard and scope of review.

As our Supreme Court has explained, appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings

evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits.

*John T. Gallaher Timber Transfer v. Hamilton*, 932 A.2d 963, 967 (Pa. Super. 2007) (quotation and citation omitted).

The issues raised by Appellants challenge McQuillen's waiver of UIM protection. Pursuant to the Motor Vehicle Financial Responsibility Law ("MVFRL"), an insured who desires to waive UIM coverage must sign a rejection form. 75 Pa.C.S. § 1731. Any UIM coverage rejection form must state as follows:

### REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

_____
Signature of First Named Insured

_____
Date

**(c.1) Form of waiver.--**Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any

rejection form that does not specifically comply with this section is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits. On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists. Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.

75 Pa.C.S. § 1731(c)-(c.1).

Appellee's Waiver Form provided to, and signed by, McQuillen as the insured provided:

**PENNSYLVANIA COMMERCIAL AUTOMOBILE UNDERINSURED MOTORISTS COVERAGE OPTION FORM**

\* \* \*

**Option 2. Rejection of Underinsured Motorists Coverage**

> By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.
>
> _____        _____
> Signature of First Named Insured                Date

McQuillen UIM Waiver Form, dated 5/18/12.

This waiver signed by McQuillen contains a verbatim recitation of the language used in 75 Pa.C.S. § 1731(c).

In reviewing the application of statutory requirements, "[c]ourts [ ] must not interpret a statute in a manner that leads to an absurd result." **C.B. v. J.B.**, 65 A.3d 946, 953 (Pa. Super. 2013).

Appellants aver that "any reasonable evaluation of the Rejection Form at issue evidences discrepancies and deviations from the Section 1731(c) Rejection Form language and format to such an extent that the [form] should be concluded to be '**void**'." Appellant's Brief at 8-9 (emphasis in original). As the trial court observed:

> [Appellants] do not argue the body of the waiver [signed by McQuillen] violates the statutory requirement. . . . [Appellants] also do not contend the cited differences in the form McQuillen signed resulted in confusion or an uninformed waiver. Appellants conceded McQuillen intended to opt out or waive UIM coverage by its representative signing the form."

Trial Court Opinion, dated 1/13/16, at 3.

The trial court provided a thorough analysis of each of the differences cited by Appellants before finding that the language of Appellee's Waiver Form specifically complied with Section 1731(b). The court properly determined that "[t]he differences cited by [Appellants] are hyper-technical and do not cause confusion or result in an uninformed waiver." Trial Court Opinion, dated 1/13/16, at 7. The trial court concluded:

> To allow a third party, who is not a party to the insurance contract and paid no premium, to utilize minor deviations in the waiver form to defeat the intent of the contractual parties does not promote justice and violates a fundamental tenet of contract law—that the intent of the parties controls.

**Id**.

Our review of the record indicates that the trial court's decision to grant judgment on the pleadings was not an error of law. The waiver at issue specifically complied with 75 Pa.C.S. § 1731(c) and the trial court properly and thoroughly analyzed each of Appellants' challenged deviations. As the court concluded, the four[2] deviations Appellants cite had no impact on the Waiver Form's validity and amounted to inconsequential niggles. Even accepting as true "all well pleaded statements of fact" of Appellants, the party against whom the motion was granted, and "consider[ing] against [them] only those facts that they specifically admitted," we conclude that the trial court properly found that "there are no material facts in dispute" and a trial by jury is unnecessary. **Hamilton**, 932 A.2d at 967.

Appellants also aver that the trial court's passing reference to the "intent of the parties" shows that the court "improperly consider[ed] contract principles when interpreting the statutory requirements of 75 Pa.C.S. § 1731(c) and (c.1)." Appellant's Brief at 11 (emphasis removed). We disagree. The court's reference to the intent of the contractual parties is consistent with fundamental tenets of statutory construction. The court properly used the reference to disabuse Appellants of the notion that the

---

[2] Appellants Glover, Hancock, and Fowler raised a fifth claim as issue 1(e) concerning the failure to use prominent type and place the heading in a prominent location. Appellants have waived this claim by failing to present this argument to the trial court. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

"absurd result" they suggested—that as unrelated third parties, they should be allowed to interfere with the clear intentions of two contracting parties— would be permissible under the circumstances.  *C.B.*, *supra* at 953.

Based on the foregoing, we conclude that the trial court did not commit an error of law in granting Appellee's Motion for Judgment on the Pleadings, and there are no facts presented which would warrant a jury trial. Accordingly, we affirm.[3]

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2016

---

[3] As Appellee suggests, we could also affirm the trial court's Order on an alternate basis. **See** Appellee's Brief at 27 n.12; **Liberty Mut. Ins. Co. v. Domtar Paper Co.,** 77 A.3d 1282, 1286 (Pa. Super. 2013) (noting this Court's authority to affirm for any valid reason of record).  The alternate basis suggested by Appellee is that Appellants have no legally cognizable claim for UIM benefits because they "are not the named insureds on the policy at issue."  Appellee's Brief at 27-28.  We agree.  A claim for UIM benefits under a policy to which the injured person is not a signatory would be considered under principles pertaining to third party beneficiaries.  **Egan v. USI Mid-Atlantic, Inc.** 92 A.3d 1, 20 (Pa. Super. 2014).  However, "one may not create UM/UIM coverage where none exists."  Here, McQuillen was the named insured and it had properly elected not to have UIM coverage. Because Appellants were not named insureds, and McQuillen had properly waived UIM coverage, Appellants had no legally cognizable claim to a UIM benefit that did not exist.