J-A23026-17 & J-A23027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN J. BIELEC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMERICAN INTERNATIONAL GROUP, | : | |
| INC., NATIONAL UNION FIRE | : | |
| INSURANCE COMPANY OF | : | |
| PITTSBURGH, P.A., VERIZON | : | |
| COMMUNICATIONS INC. AND | : | |
| VERIZON PENNSYLVANIA | : | |
| | : | |
| | : | |
| APPEAL OF: VERIZON | : | |
| PENNSYLVANIA LLC AND VERIZON | : | No. 336 EDA 2017 |
| COMMUNICATIONS INC. | : | |

Appeal from the Order Entered December 5, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 1440 September Term, 2014

| | | |
|---|---|---|
| JOHN J. BIELEC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMERICAN INTERNATIONAL GROUP, | : | |
| INC. NATIONAL UNION FIRE | : | |
| INSURANCE COMPANY OF | : | |
| PITTSBURGH, PA, VERIZON | : | No. 418 EDA 2017 |
| COMMUNICATIONS, INC. AND | : | |
| VERIZON PENNSYLVANIA, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: NATIONAL UNION FIRE | : | |
| INSURANCE COMPANY | : | |
| OF PITTSBURGH, PA | : | |

Appeal from the Order Entered December 5, 2016

- 1 -

In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  001440 September Term, 2014

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD[*], J.

DISSENTING STATEMENT BY FITZGERALD, J.:  **FILED DECEMBER 26, 2017**

I respectfully dissent from the majority's conclusion that the UIM rejection form in question was invalid under the MVFRL.   The crux of the matter lies in the question of whether an insured's "tick box" designation of a rejection of UIM coverage coupled with an insured's signature and date at the bottom of the document, as opposed to directly after the statutorily required UIM rejection language, is sufficient to constitute "specific compliance" with 75 Pa.C.S. § 1731(c.1).  In my view, it is.

As noted by the majority, our Supreme Court has recently addressed specific compliance and Section 1731:

> The focus of this appeal is on determining what the General Assembly intended when it stated, "Any rejection form that does not specifically comply with this section is void." **Id.** at § 1731(c).  We acknowledge that there is surface appeal to [the insured's] argument that insurers' UIM rejection forms must exactly reflect the statutory rejection form to comply with Section 1731 of the MVFRL.  **See e.g. id.** § 1731(c.1) (providing that "[i]nsurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location").  However, contrary to [the insurer's] position, the General Assembly simply did not mandate that UIM coverage rejection forms must be *verbatim* reproductions of the statutory rejection form found in Subsection 1731(c) of the MVFRL.  Rather, the General Assembly adopted language which requires UIM rejection forms to "specifically comply" with "this section," *i.e.*,

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

> Section 1731 of the MVFRL, as juxtaposed to mandating that the form *verbatim* follow the statutory rejection form. **Id.** at § 1731(c.1). In other words, an insurer's UIM coverage rejection form is valid so long as the form specifically complies with Section 1731 of the MVFRL.

***Ford v. American States Insurance Company***, 154 A.3d 237, 245 (Pa. 2017).

In ***Ford***, the UIM rejection form in question deviated from the statutorily prescribed form in that instead of "motorist" the form refers to "motorists" in two locations and the word "motorists" is added in one location. **Id.** at 240. Our Court concluded "such a form does not modify coverage or inject ambiguity into the statutory form, and an insured's signature on the slightly altered form demonstrates that the insurer offered UIM coverage to the insured and that the insured understood what she was doing when she declined coverage." **Id.** at 245.

Likewise, in the instant case, the UIM form in question mirrors the language set forth in Section 1731(c) almost exactly, with the slight variation of the "tick box" used to designate the desire to reject UIM coverage. Thus, the "tick box" alone is a *de minimis* variation which did not "modify coverage or interject ambiguity into the standard form" such that the form at issue should be considered void for lack of specific compliance. **See Ford** 154 A.3d at 245.

As emphasized by the majority, the fact that the signature and date line, directly after the requisite language, went unsigned by Appellee represents a more significant deviation from the statutory form set forth under Section

1731(c). As the majority notes, this Court concluded in **Jones v. Unitrin Auto and Home Ins. Co.**, 40 A.3d 125, 129-130 (Pa. Super. 2012), that the "proximal relationship" between the UIM rejection language and the signature of the insured was a critical component of specific compliance. In **Jones**, the addition of language stating "[b]y rejecting this coverage, I am also signing the waiver on p. 13 rejecting stacked limits of underinsured motorist coverage" prior to the signature and date line, caused this Court to conclude that the UIM rejection form was void for lack of specific compliance.

However, as noted by the dissent in **Jones**, the Pennsylvania Supreme Court held in **Winslow-Quattlebaum v. Maryland Ins. Group**, 752 A.2d 878 (Pa. 2000), that specific compliance with Section 1731(c) is not defeated by having the rejection of UIM benefits and the rejection of UIM stacking benefits appear on the same form. **Winslow-Quattlebaum**, 752 A.2d at 882. Further, our Supreme Court noted that the plain language of Section 1731(c.1) does not require that a UIM rejection must stand alone on a page with no additional writing. **Id.** Moreover, although the form provided by the legislature in Section 1731(c) does show the required language as appearing directly above the signature and date lines, neither Section 1731(c) nor 1731(c.1), otherwise defines the "proximal relationship" required between these elements. Indeed, our Court has held that a UM waiver form which otherwise complied with the requirements of § 1731(b), was not "any less valid" even though it was placed on the reverse side of a rental car contract

and the insured's signature only appeared on the front side. **Smith v. Enterprise Leasing Co.**, 833 A.2d 751, 755 (Pa. Super. 2003).

In the instant case, the authorized signature of Verizon's agent was separated from the required statutory text by two paragraphs, which Appellant did not affirmatively select by "ticking the box" provided next to either paragraph.[1]  Instead, the Verizon representative signed at the bottom of the document, which is certainly not counter-intuitive, after a paragraph indicating that she understood the protections afforded by the UIM section of the document and that she understood that her selections would apply to her policy.  Therefore, I would conclude that declaring the UIM waiver at issue void would elevate hyper-technical discrepancies over a specifically compliant waiver which offered the insured UIM benefits via the statutorily required language reproduced verbatim and demonstrated that the insured understood that she was declining coverage.  **See Ford** 154 A.3d at 245; **Petty v. Federated Mutual Insurance Company**, 152 A.3d 1020, 1025-26 (Pa. Super. 2016)(holding minor deviations from Section 1731(c) waiver form did not require waiver to be declared void).

---

[1] As noted by the majority, the paragraphs that went unselected by Appellee were entitled "Selection of Limits" and "Underinsured Coverage Limits."

- 5 -