J-A12011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BEVERLY FERRARO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATTERSON-ERIE CORPORATION | : | |
| D/B/A BURGER KING AND BURGER | : | |
| KING CORPORATION | : | No. 1291 WDA 2021 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered July 23, 2021
In the Court of Common Pleas of Butler County
Civil Division at 2020-10245

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: MAY 27, 2022**

Patterson-Erie Corporation, d/b/a Burger King (Appellant), filed this interlocutory appeal by permission from the trial court's denial of judgment on the pleadings.[1]  We affirm.

The trial court summarized the case history as follows:

[Beverly Ferraro, hereinafter, "Plaintiff"], avers the alleged slip and fall incident that caused her injuries occurred on August 25,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. § 702(b) ("When a court ... shall be of the opinion that [an interlocutory order] involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order.  The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order."); Pa.R.A.P. 312 ("An appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission).").

2018. Being as such, [Plaintiff] was constrained to file her personal injury action related thereto on or before August 25, 2020. *See* 42 Pa.C.S.A. § 5524, Two Year Limitation ("The following actions and proceedings must be commenced within two years: (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another"). [Plaintiff] filed her Complaint in Civil Action on March 4, 2020, well within the applicable Statute of Limitations period. On March 9, 2020, [Plaintiff] mailed a cover letter to the Butler County Sheriff's Department, along with a certified copy of the Complaint in Civil Action and a check for service of the Complaint upon [Appellant]. For unknown reasons, the Sheriff's Department never attempted service. On or about May 6, 2020, Plaintiff's counsel became aware that the Complaint had not been served on [Appellant]. She immediately hired a process server, who promptly served [Appellant] with the Complaint in Civil Action on May 6, 2020. Thereafter, on or about November 3, 2020, [Plaintiff] reinstated her Complaint. The Sheriff's Department formally served the Complaint in Civil Action upon [Appellant] on November 30, 2020.

Trial Court Opinion, 12/28/21, at 1-2 (record citations omitted).

Appellant filed an answer and new matter and an amended answer and new matter, followed by a motion for judgment on the pleadings. On July 9, 2021, the trial court heard oral argument on the motion. The court denied the motion that same day. On July 23, 2021, the trial court issued an amended order confirming its denial of judgment on the pleadings, and stating that the order "involved a controlling question of law" and "an immediate appeal may materially advance the ultimate termination of the matter." On August 18, 2021, Appellant filed a petition in this Court for leave to file an interlocutory appeal pursuant to Pa.R.A.P. 312. We granted the petition on and Appellant and the trial court thereafter complied with Pa.R.A.P. 1925.

Appellant raises the following issue for review:

Whether the trial court erred in concluding [Plaintiff] made a good faith effort to serve [Appellant] before the statute of limitations expired, when she disregarded the Rules of Civil Procedure requiring the Sheriff to properly and timely serve her complaint, allegedly due in part to COVID-19?

Appellant's Brief at 6.

Our scope and standard of review are settled: "Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court." *Rourke v. PA Nat'l Mutual*, 116 A.3d 87, 91 (Pa. Super. 2015).

As our Supreme Court has explained, appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*Petty v. Federated Mut. Ins. Co.*, 152 A.3d 1020, 1024 (Pa. Super. 2016) (citation omitted).

Instantly, the trial court has authored a thorough and well-reasoned opinion explaining its denial of relief. *See* Trial Court Opinion, 12/28/21, at 2-9 ((1) tracing the development of the law regarding the intersection of the statute of limitations and service of process; (2) discussing the Pennsylvania Supreme Court's evolving standards for such matters in *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), *McCreesh v. City of Philadelphia*, 888 A.2d 664

- 3 -

(Pa. 2005), and **Gussom v. Teagle**, 247 A.3d 1046 (Pa. 2021); and (3) finding **McCreesh**, **supra** to be applicable). The trial court stated:

> Plaintiff engaged in a good faith effort to properly serve [Appellant] with the Complaint in Civil Action within the applicable time period, provided actual notice to [Appellant] of the commencement of suit, and any delay in proper service or reinstatement of the Complaint was not an attempt to stall the judicial machinery.
>
> Furthermore, [Appellant] failed to demonstrate any prejudice stemming from the above actions.

**Id.** at 8-9.[2]

As the record supports the trial court's findings and legal conclusions, we adopt its December 28, 2021, opinion in affirming the denial of Appellant's motion for judgment on the pleadings.

Order affirmed.

_____

[2] Appellant complains of perceived lapses in vigilance by Plaintiff. Appellant's Brief at 13-14. Appellant does not dispute that Plaintiff followed the correct procedure in arranging service of the complaint, and that for unknown reasons, the sheriff failed to effect service. Further, Appellant does not point to any legal authority requiring the vigilant oversight it advances. Albeit in another context, our Supreme Court has refused to find a lack of due diligence where a party relied on the court system to follow procedures and deliver papers in a timely manner. **See Commonwealth v. Bradford**, 46 A.3d 693, 704-05 (Pa. 2012).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/27/2022

**IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA**

| | |
|---|---|
| BEVERLY FERRARO, | : CIVIL DIVISION |
| | : A.D. No. 2020-10245 |
| Plaintiff, | : |
| | : SUPERIOR COURT DOCKET NO. |
| v. | : 1291 WDA 2021 |
| | : |
| PATTERSON-ERIE CORPORATION | : |
| d/b/a BURGER KING and | : |
| BURGER KING CORPORATION, | : |
| | : |
| Defendants. | : |

Yeager, J.                                                                          December 28, 2021

## 1925(a) MEMORANDUM OPINION

The Defendant/Appellant, Patterson-Erie Corporation d/b/a Burger King, appeals this

Court's July 23, 2021, *Order of Court* denying the Defendant/Appellant's, *Motion for*

*Judgment on the Pleadings.*

**I.      Background Facts and Procedural History**

The question presented to the Court on appeal is whether the Plaintiff, Beverly

Ferraro, is barred from pursuing her *Complaint in Civil Action* for failure to timely reinstate

and/or serve same upon the Defendant, Patterson-Erie Corporation d/b/a Burger King, prior

to the lapse of the applicable statute of limitations.

The following facts are not in dispute.  The Plaintiff avers the alleged slip and fall

incident that caused her injuries occurred on August 25, 2018.  Being as such, the Plaintiff

was constrained to file her personal injury action related thereto on or before August 25,

2020.  *See* 42 Pa.C.S.A. § 5524, Two Year Limitation ("The following actions and

proceedings must be commenced within two years: (2) An action to recover damages for

injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another"). The Plaintiff filed her *Complaint in Civil Action* on March 4, 2020, well within the applicable Statute of Limitations period. On March 9, 2020, the Plaintiff mailed a cover letter to the Butler County Sheriff's Department, along with a certified copy of the *Complaint in Civil Action* and a check for service of the Complaint upon the Defendant. (*Def.'s Resp. in Opp. to Mot. for Judg. on Plead.*, Ex. 1). For unknown reasons, the Sheriff's Department never attempted service. On or about May 6, 2020, Plaintiff's counsel became aware that the Complaint had not been served on the Defendant. She immediately hired a process server, who promptly served the Defendant with the *Complaint in Civil Action* on May 6, 2020. (*Def.'s Resp. in Opp. to Mot. for Judg. on Plead.*, Ex. 2). Thereafter, on or about November 3, 2020, the Plaintiff reinstated her Complaint. The Sheriff's Department formally served the *Complaint in Civil Action* upon Defendant on November 30, 2020.

## II.    Discussion

The Defendant filed its Motion for Judgment on the Pleadings to seek dismissal of the Plaintiff's *Complaint in Civil Action*, arguing that the Plaintiff's failure to timely serve her *Complaint in Civil Action* upon the Defendant via the Sheriff's Department of Butler County, Pennsylvania, or to properly and timely reinstate her *Complaint in Civil Action*, allowed the applicable statute of limitations to lapse, thereby requiring this Court to dismiss the Complaint with prejudice. The Plaintiff responds by arguing she made a good faith attempt to serve the Defendant with the *Complaint in Civil Action* within the applicable time period, that the Defendant had actual notice of the filing of the *Complaint in Civil Action*, that the

2

Plaintiff did not intend to stall the judicial machinery, and that the Defendant suffered no prejudice from any improper service or the delay resulting from the above actions. The Defendant and the Plaintiff each cite to the seminal cases of *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005), and *Gussom v. Teagle*, 247 A.3d 1046 (Pa. 2021) in support of their respective positions.

With regard to the commencement of an action, Pennsylvania Rule of Civil Procedure 1007 provides, "[a]n action may be commenced by filing with the prothonotary (1) a *praecipe* for a writ of summons, or (2) a complaint." Pa.R.C.P. 1007. The filing of one of these documents is all that is necessary in order to "commence" an action and toll the statute of limitations. *Lamp*, 366 A.2d 886-87 (citations omitted). Once a writ of summons or a Complaint has been filed, Rule 401 dictates that the writ or the Complaint shall be served upon the Defendant within thirty (30) days from date of the filing. Pa.R.C.P. 401(a). Rule 401(b) outlines the steps a Plaintiff is to take if original process is unable to be served within the thirty (30) day period, specifically stating that the validity of the initial filing may be continued by the reissuance of the writ or the reinstatement of the complaint. Pa.R.C.P. 401(b). The Note to Rule 401 states, in part, "If the applicable time has passed after the issuance of the writ or the filing of the complaint, the writ must be reissued or the complaint reinstated to be effective as process." Pa.R.C.P. 401(b)(5), Note.

By way of background, Rule 401, as written, permits a plaintiff to reissue a writ or reinstate a Complaint as many times as desired, for as long as desired, without ever attempting service on the defendant to provide notice that a suit against it had been commenced, thereby thwarting the purpose behind statutes of limitations. *Gussom*, 247 A.3d at 1055-56. Therefore, in *Lamp v. Heyman, supra*, the Pennsylvania Supreme Court decided

3

to exercise its supervisory powers to curb this abuse, setting forth the foundational standard for service of original process on a Defendant once a writ or a complaint has been filed:

> [A] writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

*Lamp*, 366 A.2d at 889, holding modified by *Gussom v. Teagle*, 247 A.3d 1046 (Pa. 2021). This rule applies to actions commenced via the filing of a Complaint, as well. *Gussom*, 247 A.3d at 1048.

Subsequently, in 1985, the Pennsylvania Supreme Court refined the *Lamp* rule in the case of *Farinacci v. Beaver Cty. Indus. Dev. Auth.*, 511 A.2d 757, 758 (Pa. 1986). In *Farinacci*, the Plaintiff filed a writ of summons to commence an action on the last day prior to the statute of limitations expiring. Pursuant to local practice, the Prothonotary's Office assumed the responsibility for delivering the writ to the Sheriff, but the onus was placed upon the plaintiff to provide the Sheriff's Department with instructions and payment for service. Subsequent to filing the writ of summons, the *Farinacci* Plaintiff's counsel misplaced the file, and when he found it, neglected to provide the Sheriff with either instructions or payment for service. Thirty seven (37) days later, Plaintiff's counsel requested that the writ of summons be reissued, and submitted same to the Sheriff for service, which service was effectuated within the ensuing two weeks.

The trial court granted the Defendants' preliminary objections raising the statute of limitations, finding that the Plaintiff's counsel's actions amounted to inadvertence, and did not meet the standard of a good-faith attempt to serve the Defendant. The Superior Court affirmed, and the Pennsylvania Supreme Court granted allocatur, constraining to hold that

4

the trial court did not abuse its discretion by sustaining the Defendants' preliminary objections.

Thereafter, the Commonwealth and Superior Courts diverged in their interpretations of *Lamp* and *Farinacci* and the requirements these cases imposed upon plaintiffs, with some panels adopting standards of strict compliance with the Rules of Civil Procedure and local practice in order to demonstrate the good faith requirement, and others adopting a more flexible approach. *McCreesh*, 888 A.2d at 666. Thus, in *McCreesh v. City of Philadelphia*, *supra*, the Pennsylvania Supreme Court seized the opportunity to clarify its *Lamp* and *Farinacci* holdings.

In *McCreesh*, the Plaintiff commenced litigation by writ of summons two days prior to the statute of limitations expiring. The Plaintiff served the writ of summons upon the Defendant via certified mail, which the Rules of Civil Procedure do not permit as original process. The Defendant received the writ of summons via the certified mail the following day. Approximately two months thereafter, and after the statute of limitations had expired, the Plaintiff requested that the writ be reissued, filed his Complaint, and served the Defendant with same pursuant the Rules of Civil Procedure applicable to first class counties. The Defendant filed Preliminary Objections to the Complaint and requested that it be dismissed, arguing that the Plaintiff's failure to properly serve the initial writ of summons rendered it ineffective, and therefore, the subsequent Complaint was time-barred. *McCreesh*, 888 A.2d at 667. The trial court overruled the Defendant's Preliminary Objections, holding that the Plaintiff made a good faith attempt to serve the Defendant with the writ of summons. On appeal, the Commonwealth Court reversed, relying on previous decisions that held that service by mail did not satisfy the Rules of Civil Procedure or the good faith requirement set

forth in *Lamp.* The Commonwealth Court took the position that a good faith effort to serve the Complaint required strict adherence to the Rules of Civil Procedure. *Id.* at 668. Upon review, the Pennsylvania Supreme Court reversed the Commonwealth Court, rejecting the court's strict compliance approach to the good faith requirement, and instead adopted a flexible approach to the matter, stating:

> Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the *Leidich* line of cases, which, applying *Lamp,* would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

*McCreesh*, 888 A.2d 664, 674 (Pa. 2005).

In *Gussom v. Teagle, supra,* the most recent in this long line of cases, the Plaintiff filed her personal injury Complaint against the Defendant within the applicable statute of limitations period. The Plaintiff thereafter filed an Affidavit of Non-Service, stating she attempted to serve the Complaint on the Defendant at an address in Philadelphia, but was informed the Defendant had sold her house a year-and-a-half earlier and moved to the state of Virginia. Nearly two and a half months later, and one month after the statute of limitations expired, the Plaintiff filed a praecipe to reinstate her Complaint. The Defendant eventually filed Preliminary Objections, asserting that the trial court should dismiss the Complaint because the Plaintiff failed to properly serve the Defendant, and failed to demonstrate a good faith effort to do so. Rather than filing a response to the Preliminary Objections, the Plaintiff filed another praecipe to reinstate her Complaint. The trial court subsequently sustained the Defendant's Preliminary Objections and dismissed the Complaint with prejudice. The Plaintiff filed a Motion for Reconsideration, recounting her efforts to

6

locate and serve the Defendant with the Complaint. The trial court denied her Motion for Reconsideration, and the Plaintiff appealed. The Superior Court affirmed the trial court's holding, and the Plaintiff appealed to the Pennsylvania Supreme Court, which again took the opportunity to expound on the standard to be applied to the evaluation of when a good faith effort to serve a writ of summons or a Complaint has been made.

The *Gussom* Court assimilated the various holdings discussed above to elucidate the following standard:

> In sum, *Lamp* and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to *McCreesh*, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

*Id.* at 1057. However, the ruling in *McCreesh* "did nothing to modify a plaintiff's duty to act diligently to serve notice of the commencement of an action so as not to undermine the policies that drive the statute of limitations." *Id.* at 1056.

The *Gussom* Court emphasized that the only evidence on the docket that detailed the efforts the Plaintiff took to serve the Defendant prior to the statute of limitations expiring was an affidavit of Non-Service, stating her single attempt to serve the complaint. *Id.* at 1057. The Court noted that the Defendant's Preliminary Objections raised a question of fact as to whether the Plaintiff engaged in a good-faith effort to serve the Defendant, and,

7

therefore, the Plaintiff had "an obligation to produce evidence to demonstrate that she met this duty; yet, she offered no evidence," as she failed to file any response to the Preliminary Objections. *Id.* The Court concluded that, "there is no evidence of record that would otherwise establish that Plaintiff's actions or inaction gave Defendant actual notice of the lawsuit in a timely manner." *Id.* Thus, the Pennsylvania Supreme Court affirmed the trial court's sustaining of the Defendant's Preliminary Objections.

In the case at bar, the Court finds the actions taken by the Plaintiff to be similar to those in *McCreesh*. As in *McCreesh*, the Plaintiff filed her *Complaint in Civil Action* within the applicable statute of limitations time period. Nine days after filing the Complaint, Plaintiff's counsel forwarded a cover letter and payment to the Sheriff's Department for service upon the Defendant. For reasons unknown, the Sheriff's Department did not attempt service. Immediately upon discovering same, the Plaintiff hired a process server, who accomplished service on the Defendant the same day. As in *McCreesh*, the Plaintiff's method of service was not proper under the Pennsylvania Rules of Civil Procedure, yet this faulty attempt provided the Defendant with actual notice of not only the commencement of suit, but also the underlying facts giving rise to the suit, as she filed a *Complaint in Civil Action* and not merely a writ of summons. Also similar to *McCreesh*, the Plaintiff reinstated her Complaint approximately two months following the expiration of the statute of limitations, and roughly thirty (30) days later, the Sheriff's Department of Butler County, Pennsylvania, effectuated service on the Defendant. Thus, the Court concluded that the Plaintiff engaged in a good faith effort to properly serve the Defendant with the *Complaint in Civil Action* within the applicable time period, provided actual notice to the Defendant of the commencement of

suit, and any delay in proper service or reinstatement of the Complaint was not an attempt to stall the judicial machinery. [1]

Furthermore, the Defendant failed to demonstrate any prejudice stemming from the above actions. The Defendant was on notice of the accident itself, as demonstrated via correspondence between Plaintiff's counsel, Defendant's representatives/agents, and the insurance carrier for the Defendant in 2018. (*Def.'s Resp. in Opp. to Mot. for Judg. on Plead.*, Ex. 3 and 4). In addition, Plaintiff's counsel issued a litigation hold letter to the Defendant on or about October 22, 2018, thus preserving for both the Plaintiff and the Defendant any video footage of the accident and any applicable incident reports or documents related thereto. As such, the Court found the Defendant was not prejudiced by the Plaintiff's actions.

Hence, the Court respectfully submits that it did not err by denying the Defendant's, Patterson-Erie Corporation d/b/a Burger King, *Motion for Judgment on the Pleadings*.

### III. Conclusion

For all the above reasons, the Court respectfully submits that the Defendant's/Appellant's, Patterson-Erie Corporation d/b/a Burger King, appeal lacks merit,

---

[1] The Court notes that on March 6, 2020, two days following the filing of the Plaintiff's Complaint in Civil Action, the Governor of the Commonwealth of Pennsylvania, Tom Wolf, proclaimed the existence of a disaster emergency relative to the COVID-19 pandemic. The Court will not delve into or list the numerous orders issued by the Governor of the Commonwealth of Pennsylvania or the Supreme Court of Pennsylvania regarding same, as the Superior Court is equally aware of the myriad shutdown orders, stay at home orders, and reopening orders to which Pennsylvania residents were subject. However, the Court believes that the occurrence of the pandemic and the struggles and confusion it wrought relative to remote work and limited office access should be borne in mind as they relate to any analysis of the Plaintiff's good faith effort to serve the Complaint on the Defendant during this period of time.

and requests that same be dismissed and the July 23, 2021, *Order of Court* denying the

Defendant/Appellant's, *Motion for Judgment on the Pleadings* upheld in its entirety.

RESPECTFULLY SUBMITTED,

S. MICHAEL YEAGER
JUDGE