J-S44042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID PEARSON, ET AL. | : | |
| | : | |
| | : | No. 1137 EDA 2025 |
| APPEAL OF: DAVID PEARSON | : | |

Appeal from the Judgment Entered March 31, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220802950

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED MAY 21, 2026**

David Pearson ("Pearson"), an attorney appearing *pro se*, appeals from the grant of judgment on the pleadings in favor of U.S. Bank National Association ("U.S. Bank") in this quiet title action.  Because the trial COURT committed an error of law in granting the motion, we vacate and remand.

We take the underlying facts and procedural history in this matter from our review of the certified record and the trial court opinion.  This action concerns Pearson's residence at 6983 Weatham Street, Philadelphia ("the property").  **See** Complaint, 8/26/22, at 5.  Pearson executed a promissory note and mortgage on the property with National City Mortgage, a division of National City Bank in 2006.  **See** U.S. Bank's Motion for Judgment on the Pleadings, 3/5/25, at 3 (unnumbered).  In 2014, National City Mortgage began a foreclosure action against Pearson.  **See id**.  U.S. Bank ultimately acquired

the mortgage and chose to discontinue the foreclosure action because of confusion regarding various assignments of the mortgage. *See id*.

U.S. Bank filed the instant quiet title action against PNC Bank, N.A., Nationstar Mortgage, LLC, Federal National Mortgage Association (collectively "Bank Defendants"), and Pearson to establish mortgage priority in August 2022. *See* Complaint, 8/26/22, at 5. Following service of the complaint, Pearson filed a timely answer, new matter, counterclaim, and crossclaim to U.S. Bank's complaint. *See* Answer, New Matter, Counterclaim, and Crossclaim, 9/14/22, at 1. U.S. Bank filed a timely response. *See* Motion for Judgment on the Pleadings, 3/5/25, at 2 (unnumbered). The Bank Defendants did not file a response to either the complaint or the answer, new matter, counterclaim, and crossclaim. *See* U.S. Bank's Motion Pursuant to Pa.R.Civ.P. 1066(b)(3), 4/1/24, at 3 (unnumbered).

In April 2024, U.S. Bank filed a motion for a default judgment against the Bank Defendants. *See id*. Pearson subsequently filed a response; the Bank Defendants did not. *See* Pearson's Response, 4/22/24, at 1-3. After multiple delays, on September 18, 2024, the trial court entered "final judgment" against the Bank Defendants, stating, "this . . . is the final [o]rder and [j]udgment in this [q]uiet [t]itle [a]ction[.]" Order, 9/18/24, at 1 (unnumbered). It determined U.S. Bank "not in its individual capacity, but solely as trustee for the RMAC Trust, Series 2016-CIT as [sic] the owner and holder of that certain mortgage[.]" *Id*. The order did not address Pearson's

- 2 -

outstanding counterclaim. *See id*. There was no appeal taken from this order.

In March 2025, U.S. Bank filed a motion for judgment on the pleadings against Pearson. *See* U.S. Bank's Motion for Judgment on the Pleadings, 3/5/25, at 1-5 (unnumbered). Pearson filed a response. *See* Pearson's Response, 3/25/25, at 1-6 (unnumbered). The trial court issued an order granting the motion for judgment on the pleadings. *See* Order, 3/31/25, at 1. The court did not address the merits of the motion, but rather granted the motion based on, "the [September 18, 2024, o]rder granting judgment in favor of [U.S. Bank] on [q]uiet [t]itle [c]laim." *Id*. This timely appeal followed.[1]

On appeal, Pearson raises three interrelated questions, all challenging the trial court's granting of the motion for judgment on the pleadings based on the prior entry of a default judgment against the Bank Defendants. *See* Pearson's Brief at 2.

Our scope and standard of review are settled: "Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court." *Rourke v. Pa. Nat'l Mut. Cas. Ins. Co.*, 116 A.3d 87, 91 (Pa. Super. 2015).

> As our Supreme Court has explained, appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error

_____

[1] Pearson and the trial court complied with Pa.R.A.P. 1925.

of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

*Petty v. Federated Mut. Ins. Co.*, 152 A.3d 1020, 1024 (Pa. Super. 2016) (citation omitted).

In its Rule 1925(a) opinion, the trial court (which had been assigned to the case after the entry of the September 18, 2024, order), explained its order "was the only possible outcome following [the September 18, 2024, order] quieting title in favor of U.S. Bank. Thus, based on the coordinate jurisdiction rule and the standards applicable to motions for judgment on the pleadings, this [c]ourt's order was proper." Trial Court Opinion 8/21/25, at 2. While the trial court seems to acknowledge Pearson was not a party to the September 18, 2024, order, it concludes because Pearson opposed entry of that order, his claims were "previously considered and rejected" by the trial court. *Id*. at 3.

Pearson disagrees, arguing since he filed a timely answer to the claim, the trial court's entry of judgment pursuant to Pa.R.Civ.P. 1066 was improper. *See* Pearson's Brief at 7. He further maintains the pleadings did not establish U.S. Bank was entitled to quiet title. *See id*. at 7-8. Lastly, he contends the trial court erred in never considering his counterclaim that U.S. Bank's mortgage rights were unenforceable under the doctrine of *res judicata*

because U.S. Bank had previously withdrawn the mortgage foreclosure action **See *id***. at 9-10.

U.S. Bank does not argue the trial court properly granted its motion for judgment on the pleadings because of the coordinate jurisdiction rule. **See** U.S. Bank's Brief at 12-19. Instead, U.S. Bank argues at length that Pearson lacks standing to challenge the September 18, 2024, order because it did not apply to him and the entry of default judgment against the Bank Defendants was appropriate. **See *id***. In fact, U.S. Bank concedes "it does not agree with reasoning in . . . [the] Pa.R.A.P. 1925(a) opinion." Instead, it argues we should affirm the trial court's decision because Pearson's counterclaim does not merit relief. **See *id***. at 19-22.

The coordinate jurisdiction rule mandates: "upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge." ***Brader v. Allegheny Health Network***, 349 A.3d 210, 217 (Pa. Super. 2025) (citation omitted).

Pennsylvania Rule of Civil Procedure 1066 provides, in pertinent part:

(a) The court shall grant appropriate relief upon affidavit that a complaint containing a notice to defend has been served and that the defendant has not filed an answer, or after a hearing or trial on the pleadings or merits.

(b) Upon granting relief to the plaintiff, the court

\* \* \* \*

- 5 -

(3) shall enter a final judgment ordering the defendant, the prothonotary, or the recorder of deeds to file, record, cancel, surrender or satisfy of record, as the case may be, any plan, document, obligation or deed determined to be valid, invalid, satisfied or discharged, and to execute and deliver any document, obligation or deed necessary to make the order effective[.]

Pa.R.Civ.P. 1066(a), (b)(3).

There is no dispute that Pearson answered the complaint. Thus, U.S. Bank did not seek a default judgment against him and the granting of one would not have been warranted. The trial court's September 18, 2024, order did not mention Pearson and only granted judgment against the Bank Defendants and quieted title by deciding mortgage priority as to those particular parties. *See* Order, 9/18/24, at 1 (unnumbered). While the trial court deemed this a "final order," this was error as a final order is one which "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). Since Pearson's counterclaim was still outstanding, the September 18, 2024, order was not a final order. Thus, the trial court erred in granting judgment on the pleadings under the coordinate jurisdiction rule because deciding Pearson's counterclaim would not have altered the resolution that U.S. Bank was entitled to a default judgment against the Bank Defendants. *See Brader*, *supra*.[2]

---

[2] U.S. Bank's argument regarding standing is simply inapposite. Pearson does not challenge the validity of the September 18, 2024, order as to the Bank Defendants, only its belated application to him.

Both parties request we do what the trial court did not, that is, rule on the merits of Pearson's counterclaim. ***See*** Pearson's Brief at 7-9; U.S. Bank's Brief at 19-22. We decline this request. We are an error correcting court, and our review demonstrates the error made by the trial court was in relying on the coordinate jurisdiction rule. We correct that error by vacating the order, remanding to the trial court, and thus providing the court with the opportunity to address the merits of U.S. Bank's motion for judgment on the pleadings against Pearson and the merits of Pearson's counterclaim. Accordingly, we vacate the order granting U.S. Bank's motion for judgment on the pleadings and remand for proceedings consistent with this opinion.

Judgment vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2026